## Starks N. Baker v. Israel G. Heaps.

1. EXCEPTIONS—*To Instructions.*—In order to raise the point of the correctness of instructions, exceptions must be taken to the giving of them in the court below.

2. CONTINUANCE—*For Amendment of the Bill of Exceptions.*—After a case has been submitted by both parties, on briefs and arguments, it requires a very strong showing of care on the part of a party applying for a continuance, for the purpose of procuring an amendment of the bill of exceptions, to induce this court to exercise its discretion to grant such a continuance for such a purpose, and also a strong case of merits in the application.

**Memorandum.**—Assumpsit on promissory note. Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

EMERY C. GRAVES and DUNHAM & FOSTER, attorneys for appellant.

CHARLES K. LADD, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellant sued appellee in action of assumpsit, May 27, 1892, on a promissory note given by the latter to the former, dated October 20, 1882, for $450, due January 1st, after date, drawing eight per cent interest after date.

The appellee pleaded the general issue, and total failure of consideration; that the consideration of the note was 1,000 bushels of corn at forty-five cents per bushel, purchased by appellee of appellant and was to be delivered to him, and that the corn had never been delivered.

There was a good deal of evidence pro and con in regard to the fact of delivery or non-delivery of the corn. The evidence tended strongly to prove that appellant failed to deliver the corn or that appellee ever received it.

It was peculiarly a question of fact for the jury, and a discussion of the evidence on our part would be of no practical benefit. The jury found the issue made by the pleas in favor of the appellee, in favor of the contention that the corn had never been delivered, and found a verdict for the appellee, thus deciding that the consideration of the note had failed. In addition to the appellee's evidence the circumstance that the note remained so long due before suit was brought, no doubt had weight with the jury.

The court overruled a motion for a new trial and rendered judgment against appellant for costs.

The Circuit Court instructed the jury orally by agreement.

The appellant insists that the instructions were erroneous in not telling the jury that if the appellee received any part of the corn, appellant could recover the entire amount of the note, there being no plea of partial failure of consideration, which under the rules of law would entitle appellant to recover the full amount of the note and interest.

The instruction is a little obscure on that point but was as broad as the plea. We think the jury could hardly have been misled by it on that issue or where the burden of proof rested.

Besides, the record fails to show that appellant's counsel took any exceptions to the giving of the instructions at the time given, which, in order to raise the point, he should have done, and no instructions on part of appellant were asked.

Since the case has been submitted by both parties on briefs and arguments the appellant, by his attorney, makes appli-

cation to this court to have the cause continued that he may obtain a correction and amendment of the bill of exceptions herein.

The application will be denied. The circumstances show a want of attention on the part of appellant in not discovering the want of exceptions to the giving of the instructions by the Circuit Court. After submission it would require a very strong showing of care on the part of a party applying for such a continuance to induce this court to exercise its discretion to grant such a continuance for such a purpose, and also a strong case of merits in the application. The judgment of the Circuit Court will be affirmed.